IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

RICHARDO JOSE SUAREZ

        Petitioner,        Civil No. 10-532-SU

        v.               FINDINGS AND
                              RECOMMENDATION
STATE OF OREGON,

        Respondent.

SULLIVAN, Magistrate Judge.

    Petitioner's Application to proceed in forma pauperis (#1) is allowed.  However, for the reasons set forth below, petitioner's "Writ" (#2) should be denied and this proceeding should be dismissed.

1 - FINDINGS AND RECOMMENDATION

Petitioner, an inmate at FCI Fort Worth, filed a "Writ of Error Coram Nobis Motion to Vacate a Conviction Pursuant to 28 U.S.C. sec. 1651" challenging an April 5, 2000, conviction (pursuant to a guilty plea) for "the Felony offense of Burglary in the Second Degree." Petition (#2) p. 2. Petitioner argues that a 2009 Oregon Supreme Court interpretation of the "Burg-2 statute" renders him actually innocent of his prior conviction and that his "plea was invalid and involuntary." Petition (#2) p. 3.

The writ of coram nobis is a common law writ to obtain review and correction of factual errors affecting the validity of a judgment by the same court that rendered it. Hirabayahsi v. United States, 828 F.2d 591, 604 (9th Cir. 1987). The writ allows a court to vacate judgments "for errors of fact ... in those cases where the errors [are] of the most fundamental character, that is, such as rendered the proceeding itself invalid." United States v. Mayer, 235 U.S. 55, 69 (1914).

Although Federal Rule of Civil Procedure 60(b) expressly abolishes the writ of coram nobis in civil cases, the extraordinary writ still provides a remedy in criminal proceedings where no other relief is available and sound reasons exist for failure to seek appropriate earlier relief.

2 - FINDINGS AND RECOMMENDATION

United States v. Morgan, 346 U.S. 502, at 505 n. 4; see also, James v. United States, 459 U.S. 1044 (1982).  District courts have the power to issue the writ under the All Writs Act, 28 U.S.C. § 1651 (a).  United States v Morgan, supra, 346 U.S. at 506-09.

Whereas habeas corpus relief is not available to a defendant who has served his sentence and  released from custody, the writ of coram nobis affords a remedy to attack an allegedly unconstitutional or unlawful conviction in cases where the petitioner has fully served his sentence.  Yasui v. United States, 772 F.2d 1496 (9th Cir. 1985).

To qualify for coram nobis relief, a petitioner must demonstrate each of the following four factors: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case and controversy requirement of Article III; and (4) the error is of the most fundamental character."  Hirabayashi v. United States, supra, 828 F.2d 604; see also, U.S. v. McClelland, 941 F.2d 999, 1002 (9th Cir. 1991); U.S. v. Walgren, 885 F.2d 1417, 1420 (9th Cir. 1989).

In this case, petitioner seeks relief from a state court

3 - FINDINGS AND RECOMMENDATION

judgment. As noted above, the writ of coram nobis is a mechanism to correct errors in a judgment by the court that rendered the judgment. Moreover, all of the cases cited herein involve challenges to *federal* convictions. Petitioner has not cited any authority that the writ is available to challenge state court judgments. Cf., Hysler v. State of Florida, 315 U.S. 411 (1942). The writ has been described as "of the same general character as one under 28 U.S.C. sec. 2255." Yasui v. U.S., 772 F.2d 1499, *citing*, U.S. v. Morgan, 346 U.S. at 506. Therefore, the writ is apparently not available to challenge state court judgments.

Even if the writ is an appropriate remedy for petitioner's claim, I find that the facts alleged in petitioner's petition do not constitute an error of the "fundamental character" so as "to render the proceeding itself, invalid." Hirabayashi, supra.

Based on the foregoing, petitioner's Writ of Coram Nobis Motion to Vacate Sentence (#2) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate

4 - FINDINGS AND RECOMMENDATION

Procedure, should not be filed until entry of the district court's judgment or appealable order.  The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

     DATED this 29th day of July, 2010.

                              <u>s/ Patricia Sullivan</u>
                              Patricia Sullivan
                              United States Magistrate Judge